# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Nos. 7:22-CV-8037-ACA** |
| ) | **7:20-CR-0223-ACA** |
| ) | |
| **JEFFREY SCOTT KAILING** ) | |
| **Movant.** ) | |

### <u>UNITED STATES'S SECOND RESPONSE TO</u>
### <u>KAILING'S AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255</u>

The United States of America opposes Kailing's amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

## I. Background

On January 28, 2021, Kailing entered a guilty plea in accordance with a binding plea agreement. (Cr. Doc. 20).[1] The agreement called for petitioner to plead guilty to the charge of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and to receive a sentence of 204 months (17 years). (Doc. 20 at 4 – 5). The remaining counts were dismissed at sentencing. In the agreement, Kailing stipulated that he was subject to enhanced sentencing under the Armed Career Criminal Act (ACCA). (*Id*). Specifically, he agreed that (1) three of his prior felony convictions—Assault with Intent to Rob While Armed, Unlawful Manufacture of a

---

[1] Citations to "Cr. Doc." are to documents in the underlying criminal case, 7:20-CR-0223. Citations to "Doc." are to documents in this § 2255 matter.

Controlled Substance, First Degree, and Unlawful Manufacture of a Controlled Substance, Second Degree—qualified as either a "violent felony" or a "serious drug offense," as defined in 18 U.S.C. § 924(e)(2); (2) the offenses were committed on occasions different from one another; (3) upon his plea to Count Four, he would be subject to the enhanced penalties of the ACCA found at 18 U.S.C. § 924(e)(1); and (4) the United States would not be required at sentencing to present further proof for the ACCA to apply in his case. (Doc. 20 at 4).

On August 24, 2022, Kailing signed and mailed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The Government filed a response to Kailing's Motion pursuant to this Court's Order. (Doc. 3). Kailing then responded to the Government's response (Doc. 4), amended his motion (Doc. 5), and amended his motion a second time (Doc. 7). On January 13, 2025, this matter was reassigned to the Honorable Judge Axon. The Court denied in part and granted in part the combination of Kailing's motion and two subsequent motions to amend, and ordered the Government to respond. (Doc. 10). Before the Government had responded, Kailing filed a third amended motion, which this Court also denied in part and granted in part. (Docs. 15-16). Kailing has since filed a Motion to Reconsider the Court's Decision, which this Court granted. (Doc. 17-18).

Kailing seeks a resentencing by challenging the validity of each of his predicate convictions. The most recent version of Kailing's motion seemingly leaves

intact his original assertion that his prior Michigan felony conviction for Assault with Intent to Rob While Armed does not qualify as a prior "violent felony." (Doc. 4). The United States incorporates and relies upon its prior argument that this Michigan felony conviction qualifies as a prior "violent felony" for purposes of applying ACCA. (Doc. 3 at 6-12). The most recent version also seems to leave intact Kailing's original claim that his two prior Alabama convictions of Unlawful Manufacture of a Controlled Substance should have only been counted as one predicate conviction based on their procedural joinder at grand jury. The United States incorporates and relies upon its prior argument that these two Alabama convictions, though procedurally joined, were correctly counted as two separate predicate convictions for purposes of calculating the ACCA enhancement. (Doc. 3 at 12-14).

Kailing's two remaining claims argue that (a) his counsel was ineffective for not raising the issue that his two prior Alabama drug convictions do not qualify as predicates for ACCA, and (b) because his two prior Alabama drug convictions do not qualify as ACCA predicates, he was illegally sentenced. Both claims relate to his erroneous interpretation of the federal and state statutory definition of methamphetamine, in essence making a chemical-makeup argument as it relates to various possible types of methamphetamine isomers. (See Doc. 18). The remainder of this response addresses these two claims.

## II. Discussion

### A.  *Counsel was not ineffective.*

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend VI; *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) such failure prejudiced him in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001). Because both parts of the test must be satisfied to show a Sixth Amendment violation, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243 (11th Cir. 2000); *see also Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both of the Strickland prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one.").

To prevail on an ineffective-assistance claim, Kailing must first show that his counsel rendered deficient performance to such an extent that the counsel's actions "were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). In considering the counsel defendants

received, courts are "highly deferential" and apply "a strong presumption" against deficiency. *Id.* at 689.

The ACCA enhanced Kailing's penalty range and mandated a sentence of no less than fifteen years' imprisonment because he unlawfully possessed a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Kailing argues that his attorney was ineffective in failing to challenge the use of his prior drug convictions as qualifying as "serious drug offenses" based on statutory definitions of methamphetamine. However, Kailing built this argument upon a case from the Seventh Circuit that is not matched in the Eleventh Circuit and, thus, is not binding on this Court. *See United States v. De La Torre*, 940 F.3d 938, 951 (7th Cir. 2019) (concluding that "Indiana legislature knew how to limit a listed drug to include only its optical isomers.") An attorney cannot render deficient performance by not arguing a claim that would require a change in the current law. The Eleventh Circuit has long held that "the Sixth Amendment does *not* require a lawyer to "make arguments based on predictions of how the law may develop." *Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1334 (11th Cir. 2016). *See also Ritchie v. United States,* 112 F.4th 1344 (11th Cir. 2024) and *Spaziano v. Singletary,* 36 F.3d 1028 (11th Cir. 1994). Indeed, Kailing is "not entitled to an attorney capable

5

of foreseeing the future development of constitutional law." *Thompson v. Wainwright,* 787 F.2d 1447, 1459 n.8 (11th Cir. 1986).

The Supreme Court in *Strickland* made it clear that it is unnecessary "to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. But Kailing fails at the second step. Even if Kailing's attorney had made the novel first-impression argument, which Kailing contends was the only competent course of action, there is no evidence that Kailing would have received a different sentence. That is because the law in this Circuit did not then—and still does not now—support Kailing's new argument. Therefore, under either prong of the *Strickland* test, Kailing's request fails and is due to be denied. *Id.*

B.   *Kailing procedurally defaulted his methamphetamine-definition claim.*

Kailing also wants this Court to decide his methamphetamine-definition argument on the merits. But he has procedurally defaulted this claim because he failed to raise it on direct appeal. *Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022). Thus, he can only obtain review in a § 2255 proceeding if he "shows either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." (*Id.* at 1384.)

Kaling cannot avoid the default through a showing of cause and prejudice because, as discussed above, his counsel performed constitutionally and in accordance with binding precedent. Similarly, Kailing cannot show a miscarriage

6

of justice or actual, factual innocence resulting from his ACCA sentence, nor does he make any argument to that effect.

However, even if the Court were to reach the merits of Kailing's claim, the Court's initial finding was correct: this claim is futile because both federal and state law provide identical definitions for methamphetamine. (*See* Doc. 16 at 2.) Compare Alabama's Schedule III Statute to Federal Schedule III Statute:

> Ala. Code § 20-2-27
>
> (a) The controlled substances listed in this section are included in Schedule III:
> (1) Any material, compound, mixture or preparation which contains any quantity of the following substances having a potential for abuse associated with a stimulant effect on the central nervous system:
> a. Amphetamine, its salts, optical isomers and salts of its optical isomers;
> b. Phenmetrazine and its salts;
> c. Any substance which contains any quantity of methamphetamine, including its salts, isomers and salts of isomers;
> d. Methylphenidate.
>
> 21 U.S.C.S. § 812
> (a) Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system:
> (1) Amphetamine, its salts, optical isomers, and salts of its optical isomers.
> (2) Phenmetrazine and its salts.
> (3) Any substance (except an injectable liquid) which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers.
> (4) Methylphenidate.

Kailing's argument conveniently ignores the different treatment of "isomers" under the federal code for schedule III drugs. The Supreme Court has held that "when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 (2004) (internal citations omitted).  Thus, if the legislature's intent was to treat the amphetamine isomers and methamphetamine isomers the same, the language would be the same.  Put another way, if the federal definition of methamphetamine was only meant to include "optical isomers" then it would not have specified "isomers" for methamphetamines and "optical isomers" for amphetamines under the same schedule. 21 U.S.C. §812, Sch. III. Further, if the Alabama legislature's intent was for methamphetamine to be treated differently under Alabama state law than methamphetamine under federal law, then Alabama Code schedule III language would not be an exact replica of the Federal Code's schedule III.

## III. Conclusion

For the reasons stated above, the Government submits that Kailing was properly sentenced as an Armed Career Offender. His two prior drug convictions, when combined with his prior assault conviction, provided the necessary predicate offenses warranting the application of the ACCA. His counsel was not ineffective in

failing to make a novel and unsupported argument to the contrary. Accordingly, the United States respectfully requests this Court denies his habeas petition.

Respectfully submitted this the 2nd day of May, 2025.

PRIM F. ESCALONA
United States Attorney

*/s/ Electronic Signature*
_____

Olivia C. Brame
Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that, on May 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that I caused the same to be mailed by the United States Postal Service to the following non CM/ECF participant:

    Jeffery Scott Kailing – Reg. No. 04008-509
    USP Terre Haute
    U.S. PENITENTIARY
    P.O. BOX 33
    TERRE HAUTE, IN   47808

*/s/ Electronic Signature*
_____
Olivia C. Brame
Assistant United States Attorney