IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>WESTERN DIVISION</u>

| | |
|---|---|
| **JEFFREY SCOTT KAILING** ) | |
| Movant, ) | |
| v. ) | NOS 7:22-cv-8037-ACA |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |

<u>**MOVANTS REPLY TO THE GOVERNMENT'S FIRST AND SECOND RESPONSE TO MOVANTS MOTION PURSUANT TO 28 U.S.C. § 2255**</u>

COMES NOW, the Movant, by and through his attorney Rachel H. Pinson, and pursuant to the Court's Order of May 13, 2025 Doc 25, and hereby responds to the Government's Response to Kailing's Motion Pursuant to 28 U.S.C. § 2255 and the United State's Second Response to Kailing's Amended Motion Pursuant to 28 U.S.C. § 2255 as follows.

**I.      Background.**

Movant, Jeffrey Scott Kailing (hereafter "Movant") was indicted for four offenses in the Northern District of Alabama and ultimately plead guilty to count 4 in accordance with a binding plea agreement to the charge of Felon in Possession of a Firearm, in violation of U.S.C. § 922(g)(1). Kailing stipulated that he was subject to the enhanced penalties of the Armed Career Criminal Act (ACCA). The ACCA provides for a mandatory 15 year minimum for possession of a firearm under 18 U.S.C. 922(g) when the Defendant has three prior state or federal convictions for either violent felonies or serious drug offenses that were committed on different occasions. 18 U.S.C. 924(e). The basis of the Movant being subject to the ACCA was that he had previously been convicted of Assault with Intent to Rob while Armed (hereinafter "AWIR-A") under Michigan Comp/ Laws § 750.89; Unlawful Manufacture of a Controlled Substance, First Degree (hereinafter "Manufacturing 1") under Ala. Code 1979 §13A-12-218; and Unlawful Manufacture of a Controlled Substance, Second Degree (hereinafter "Manufacturing

2") under Ala. Code 1979 §13A-12-217. The Pre-Sentence Investigation Report provided to the Movant identified the aforementioned Michigan charge as a "violent felony" as defined at 18 U.S.C. § 924(e)(2) and the two aforementioned Alabama charges as "serious drug offense" as defined at 18 U.S.C. § 924(e)(2).

The Movant now seeks to be resentenced in this case based upon the application of ACCA to his sentence and relies upon several grounds to seek resentencing. First the Movant claims that he received ineffective assistance of counsel in violation of his 6th Amendment right to effective assistance of counsel when his Counsel failed to research or investigate the ACCA, advise the Movant properly in light of what prior convictions can be used as predicate for the ACCA, and for failing to object to the Movant being sentenced subject to the ACCA. Movant also argues that he was sentenced in excess of the maximum allowed by law when his sentence was enhanced by the ACCA despite him not meeting the definition of being a career criminal. Because the Movant's sentenced was enhanced his minimum sentence was 15 years, whereas the maximum sentence he would have been subject to would have been 10 years without the ACCA enhancement. Movant specifically objects to all three of the aforementioned convictions being used as predicate offenses because each of them was improperly defined as either a "violent felony" or "serious drug offense" and he was not advised of this prior to entering a binding plea agreement. It is the Movant's contention that his counsel's failure to advise him properly and to object to the characterization of his prior convictions and subsequent use as predicate for the application of the ACCA was representation that fell below an objective standard of reasonableness. The Movant was prejudiced by counsel's failures because it is likely that if he was advised properly and/or if Counsel had objected to the application of these prior convictions being used as predicate for the application of the ACCA the result of the proceeding had a reasonable probability of being different. *United States v. Pease*, 240 F. 3d 938, 941 (11th Cir. 2001).

Movant also specifically requests to be resentenced because his sentence is in excess of the maximum allowed by law. The minimum sentence for an offender subject to the ACCA enhancement is 15 years. The ACCA enhancement was applied to the Movant based upon prior convictions that he contends are not eligible to be used as predicate offenses for the enhancement due to them not being either a "violent felony" or a "serious drug offense." Because his 17 year sentence that resulted from the ACCA enhancement exceeds the statutory maximum of 10 years that is contemplated by 18 U.S.C. §§ 924 & 922(g)(1), Felon in Possession of a Firearm his sentence exceeds the maximum sentence allowed under the statute and he must be resentenced without the ACCA enhancement.

## II. Ineffective Assistance of Counsel

The Movant claims that the failure of his counsel to adequately research, advise, and object to the application of the Armed Career Criminal Act used to enhance his sentence was ineffective assistance of counsel in violation of his Constitutional rights. The 6th Amendment of the U.S. Constitution gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend VI; *Gideon v. Wainwright*, 372 U.S. 335 (1963). According to *U.S. v. Pease* the defendant must show that the level of representation 1) fell below an objective standard of reasonableness and 2) that such a failure prejudiced him in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 240 F. 3d 938 (11th Cir. 2011). When the court is evaluating whether the Defendant received ineffective assistance of counsel both prongs of the test must be met, but the court need not address the prongs in any particular order. *Strickland v. Washington*, 466 U.S. 668 (1984). The ultimate standard focus of the inquiry must be on the fundamental fairness of the proceeding. *Id.* Because the record is unclear as to whether the Movant's counsel adequately researched or investigated the ACCA, the Movant's discussion will be limited to whether counsel was ineffective in regards to advising the Movant as to the ability of his aforementioned

previous convictions were able to be used as a predicate for the application of ACCA and in the resulting failure to object to the application of the ACCA to enhance the Movant's sentence.

### A. Assault with Intent to Rob while Armed is overly inclusive for purposes of ACCA

The Movant was previously convicted of and sentenced for AWIR-A in 1998. The Presentence Investigation Report advises the Movant that "[t]his offense qualifies as a violent felony as defined at 18 U.S.C." The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year, . . . that 1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or 2) if burglary, arson, or extortion, involves use of explosives. . . . 18 U.S.C. § 924(e). The scope of the statute is closely confined because of the severe penalty increase. *Borden v. United States*, 141 S.Ct. 1817, 1822 (2021). In order to determine if a prior conviction can be used as a predicate offense it must be one of the enumerated crimes – burglary, arson, or extortion or the use of explosives, or have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. 924(e)(2)(B)(i). However, in order to use any prior state conviction the state statute must necessarily involve the behavior contemplated by Federal Statute, but may not include less culpable behavior. *Borden* at 1822.

There has never been an appellate ruling directly on point of whether a conviction of AWIR-A satisfies the ACCA's elements clause. AWIR-A requires 1) an assault with force and violence, 2) intent to rob or steal, and 3) while armed. *United States v. Goodrich*, 709 Fed. Appx. 798 (6th Cir. 2017).  The Movant has previously pointed to *Goodrich*, which found specifically that the statute in question fell under the residual clause of § 4B1.1 which shares identical language as the ACCA. However, the residual clause was removed from the ACCA for being *constitutionally invalid*. Doc. 1, pg 16. The court in *Goodrich* declined to address whether the statute satisfied the elements or enumerated clauses definition but does state that AWIR-A encompasses the mere *potential* for physical injury. *Id.*

Similar acts to AWIR-A have been found to be predicate convictions for the purposes of ACCA enhancement, but they are distinguishable, primarily because they all have as an element the requirement to be armed with a "dangerous," specific, or "deadly" weapon. AWIR-A has no such requirement. As the Government correctly states, the least violent way to commit an assault under Michigan law is a "mere touching" which does not meet the Supreme Court's definition of "violent force." *Reliford v. United States*, 733 Fed. Appx. 248 (6th Cir. 2019), No. 18-1140 (6th Cir. May 06, 2019). In previous rulings regarding the ACCA, the court interpreted the phrase "physical force" found within the statutory definition of "violent felony" to be "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133 (2010). The least culpable conduct contemplated by an assault in Michigan is either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery. *Reliford v. United States*. A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. It therefore follows that an assault in Michigan, even under AWIR-A does not require violent force that would be capable of causing pain or injury as contemplated by the court in *Johnson*. *Id*.

The Government references the Michigan's Armed Robbery Statute as eligible to be used as a predicate for ACCA, but this statute is distinguished from AWIR-A because the elements of Armed Robbery included at the time that the case was decided: 1) an assault, 2) a felonious taking of property from the victim's presence or person, and 3) while the defendant is armed with a weapon described in the statute. *Id.* The decision in *Reliford* relies upon the underlying case of *Chaney v. United States* in which the court found that an Unarmed Robbery contemplates *more* than an "offensive or embarrassing touching" as an element of the crime. 917 F. 3d 895, 900-904 (5th Cir. 2019). However, both Armed and Unarmed Robbery are distinguishable from AWIR-A because they both include the felonious taking

coupled with an assault AWIR-A does not have the actual taking of property as an element, so it is not necessary that the "assault" encompass a more overt act than an "offensive or embarrassing touching."

The Government also relies upon Michigan's Felonious Assault law as it was previously found to be a crime of violence for the purposes of § 4B1.2(a). Mich. Comp. Laws § 750.82; *United States v. Harris*, 856 F. 3d 318 (6th Cir. 2017). While *Harris* held that Felonious Assault was a "crime of violence" for purposes of the sentencing guidelines it did so because it required both the use of an attempted or threatened offensive touching *and* use of a *dangerous* weapon. *Id*. AWIR-A does *not* require the use of a *dangerous* weapon, as it allows conviction with "any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon." Mich. Comp. Laws. § 750.89. Felonious Assault also does not contemplate that the assault itself would have to somehow deprive the victim of the property, instead a conviction for FA can be supported by a simple criminal assault combined with a dangerous weapon. Moreover, the defendant in *Harris* was convicted of Felon in possession of a firearm as was the Movant in this case, and *Harris*, subject to the ACCA enhancement based in part on two prior convictions for Michigan Felonious Assault, was sentenced to 300 months' imprisonment. *Harris* at 318. When the residual clause was invalidated Harris's ACCA sentence enhancement was removed because no longer was an armed career criminal as defined under the statute because Felonious Assault is not a predicate conviction for application of the ACCA through the mere elements of the offense.

Each case cited by the Government in support of finding that AWIR-A qualifies as a predicate conviction has at least one additional required element. Because we know that the court has declined to apply Felonious Assault (FA) as a predicate for the ACCA, then we can extend the same logic to AWIR-A since AWIR-A does not require the use of a **dangerous weapon.** Like AWIR-A felonious assault also does not contemplate that the assault itself would have to somehow deprive the victim of the property.

Instead a conviction for FA can be supported by a simple criminal assault combined with a dangerous weapon. Based upon this we know that AWIR-A is a less violent felony than Felonious Assault because it does not require the use of a dangerous weapon.

While both Michigan's Armed Robbery and Unarmed Robbery statute have been found to be predicates for ACCA, this does not naturally extend to the Assault charge that the Movant was convicted of as both Armed and Unarmed Robbery require an actual taking of property from the victim. *Chaney* at 904. The court states that a *robbery* must involve more than an offensive or embarrassing touching. *Id*. AWIR-A does not statutorily require that a deprivation of property actually occur, ergo, the conduct that would be included in a conviction for assault may be a simple harmless touching that could be offensive or embarrassing alone. Most telling for the Movant is that the conviction of Felonious Assault, which requires a dangerous weapon, that, under the residual clause, was previously used to support an ACCA enhancement did not support the enhancement once the residual clause was invalidated. Because AWIR-A does not require either a dangerous or deadly weapon or *actual* felonious taking, it is narrower than other Michigan convictions that have been found to be predicates for the purposes of ACCA.

The residual clause was invalidated by *Johnson v. United States* on June 26, 2015. 576 U.S. 591 (2015). The Pre-sentence Investigation and Report was prepared around May 19, 2021 and the Movant was not sentenced until September 30, 2021. Since there was a colorable argument for not using the prior conviction under Mich. Comp. Law § 590.89 prior to 2021, it would have been reasonable for the Movant's counsel to advise him that the ACCA enhancement may not be proper in his case and to object to the inclusion of this felony as a predicate. Based upon the outcome in *Harris*, where the sentence went from over 300 months to the statutory 12 month maximum, it follows that there is a reasonable probability that, but for the failure to provide said advice and to object to the inclusion of this prior conviction as a predicate, the result of the proceeding would have been different.

B.  **Manufacturing 2nd statute is overly inclusive for the purposes of being used as a predicate for ACCA**

Possessing ingredients with intent to manufacture drugs does not qualify as a "serious drug offense" as contemplated by the ACCA as it was not Congress's intention to treat this prior conviction as a predicate offense. To qualify as a serious drug predicate offense under the ACCA, a prior state offense must 1) involve the a) manufacture, b) distribution, or c) possession with intent to distribute, 2) a controlled substance as defined in the Controlled Substances Act; and 3) be punishable by imprisonment of ten years of more. *United States v. Fields*, 53 F. 4th 1027, 1033 (6th Cir. 2022). The Movant's previous conviction for Manufacturing 2 is not eligible to be used as a predicate for ACCA because it contemplates behavior that does not "necessarily entail" manufacturing. *Fields,* Citing *Shular v. United States*, 589 U.S. ____ (2020). *Fields* deals with the application of "serious drug offenses" to the sentencing guidelines, but applies the same standard as the ACCA. *Id.*

Manufacturing 2 in Alabama criminalizes the possession of precursor substances as determined in Section 20-2-181, in any amount with the intent to unlawfully manufacture a controlled substance, but does not require the possession of a controlled substance. §13A-12-217 Ala. Code 1979. The statute criminalizes possession of a single precursor. *Brand v. State*, 941 So. 2d 318 (Ala. Crim. App. 2006). Statutory context indicates that the definition of "manufacture" within 18 U.S.C. §924(e)(2)(A) does not encompass mere possession of a precursor with intent to manufacture as Congress chose to create separate substantive offenses for "manufacturing" and for "possession of ingredients with intent to manufacture." See: 21 U.S.C. §§841(a)(1), 841(c)(1), 843(a)(6). If the behavior contemplated by possession of a precursor with intent to manufacture were included within the scope of "manufacturing" then there would be no need for the separate offense of "possession with intent to manufacture." *Fields* at 1049.

The Manufacturing 2 does not require any additional conduct than the possession of one precursor with the intent to manufacture a controlled substance and that is analogous to behavior contemplated by the "possession with intent to manufacture." Ala. Code §13A-12-217. The Movant's counsel's assistance was ineffective and fell below a reasonable standard when he failed to advise Movant that this prior conviction was outside the scope of the conduct of a "serious drug offense." When counsel failed to object to the inclusion of this prior conviction as a predicate for application of ACCA, his conduct also fell below a reasonable standard. The failure of counsel to properly advise and timely object to the inclusion of this prior conviction resulted in the Movant being subject to the enhancement of the Armed Career Criminal Act Enhancement and being given a sentence that was at least 7 years longer than what he was eligible to receive without the enhancement.

**C.  Manufacturing 1 statute is overly inclusive for the purposes of being used as a predicate for ACCA**

As stated above, when determining whether a prior conviction can be used as a predicate for application of ACCA we must determine whether Congress intended to treat a defendant's prior conviction as a predicate offense. To do this we must look to see whether the elements of the statute of prior convictions are the same or less inclusive than the federal standard under the ACCA. The Government's Second Response provides the relevant Schedules for Alabama and the Federal Government which shows that, while they are almost identical, the Alabama statute includes "injectable liquid" that is not included in the Federal Schedule. Doc 24, page 7. Since the residual clause was invalidated, the Courts no longer look to the individual facts of the underlying convictions, but must rely upon the behavior contemplated within the statute. The prior offense conviction does not qualify as a predicate for the ACCA if less serious conduct falls within the state statute. *Borden v. United States*, 141 S.Ct. 1817, 1832 (2021). Because the Alabama statute under which the Movant was convicted

contemplates more conduct than the Federal statute, the Movant should have been advised of such and counsel should have objected to this conviction's inclusion as a predicate for purposes of the application of the ACCA enhancement. If the objection were successful then the Movant would not have had three separate qualifying felonies and would not be an Armed Career Criminal subject to a minimum sentence of 15 years, and would instead be limited to a 10 year maximum sentence. 18 U.S.C. §§924, 922(g).

**III.    The Movant's Sentence is in excess of the maximum allowed by law.**

Movant was sentenced after being convicted under 18 U.S.C. §922(g) which is typically subject to a 10 year maximum sentence. 18 U.S.C. §924(a)(2). However, the Movant was sentenced to 204 months after pleading guilty to possession of a firearm by a convicted felon with the ACCA enhancement. For the foregoing reasons set out in the subparagraphs of **II. Ineffective Assistance of Counsel**, the Movant is *Not* an Armed Career Criminal as defined by 18 U.S.C. §924(e). Because the ACCA enhancement causes the sentence to increase from a 10 year maximum to a 15 year minimum, application of the enhancement results in a sentence that is in excess of the maximum authorized by law.

**IV.    CONCLUSION**

Based on the foregoing, the Movant is entitled to be resentenced under 18 U.S.C. §924. He was denied effective assistance of counsel in violation of the 6th Amendment of the United States Constitution when his counsel failed to reasonably counsel the Movant that his prior convictions were not eligible to be used as predicates for the application of the ACCA and for failing to object to the same prior to the Movant being sentenced. Because the Movant was sentenced subject to the Armed Career Criminal Act Enhancement when he was not, in fact, an armed career criminal, he was given a sentence in excess of the maximum allowed by law and is, thus, entitled to a resentencing without the ACCA enhancement. Accordingly, his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" is due to be granted.